THE STATE *ex rel.* BRAWFORD V. COOK *et al., Appellants.*

1.  **County Treasurer:** HIS BOND AS CUSTODIAN OF SCHOOL MONEYS. The separate bond required by section 42,'page 1251, Wagner's Statutes, to be given by the county treasurer as custodian of school moneys, need not specify those moneys. The condition prescribed by section 42 is, that the treasurer " will faithfully disburse and pay over according to law all such funds and moneys as may from time to time come into his hands as such treasurer." The sureties in a bond so conditioned will be liable for any school moneys received and not accounted for by the treasurer.

2.  ———: TOWNSHIP SCHOOL MONEYS. In an action against a county treasurer on his school bond to recover moneys not accounted for, he is not entitled to credit for sums paid, on warrants of the county clerk, to the clerk of any township in excess of the amount received by him for that township.

*Appeal from Putnam Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*A. W. Mullins, A. J. Hoskinson* and *W. A. Shelton* for appellants.

1. The bond should not have been admitted in evidence. *State to use of, etc., v. Johnson,* 55 Mo. 80, 82. 2. Defendants' seventh instruction should have been given. 2 Dillon Munic. Corp., § 384; 2 Greenleaf Ev., § 107 and note 1; Ib., § 108; Ib., § 114; *Norton v. Coons,* 3 Denio 134; *Beardsley v. Root,* 11 Johns. 464; *Terry v. Milwaukee,* 15 Wis. 490; *State v. Supervisors of Sheboygan,* 29 Wis. 79, 82.

*C. L. Dobson* for respondent.

NORTON, J.—This is a suit against defendant Cook and the securities upon the bond of said Cook as treasurer of Putnam county, for the recovery of certain school moneys alleged to have been received by him and not accounted for. Upon the trial of the cause judgment was rendered

for plaintiff, from which defendants have appealed, and seek to reverse the judgment upon alleged error of the trial court in admitting evidence, and refusing the seventh instruction asked by defendants.

Plaintiff offered in evidence the following bond signed by said Cook and twenty-seven others as his sureties:

1. COUNTY TREAS-
URER: his bond
as custodian of
school moneys.

"Know all men by these presents, that we, Allen Cook, as principal, and ———, as his securities, acknowledge ourselves to owe and be indebted to the State of Missouri, in the sum of $15,000, for the payment whereof well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents, sealed with our seals, and dated on this 24th day of November, 1870. Now, the conditions of the above obligation are these: Whereas, Allen Cook, the principal herein, was, on the 8th day of November, 1870, duly elected treasurer of Putnam county, in the State of Missouri, for the term of two years from said date. Now, if he will faithfully disburse and pay over according to law, all such funds and moneys as may from time to time come into his hands as such treasurer, then this bond shall be void, otherwise to remain in full force and virtue in law. Witness our hands and seals this 24th day of November, A. D. 1870." Plaintiff also offered in evidence an order of the county court, as follows: "Ordered that the bonds of Allen Cook, as treasurer, be approved and filed in the office of the county clerk of this county." Defendants objected to the introduction of said bond, that it was not the bond of said Cook as school treasurer. This objection was properly overruled. There is no such officer as school treasurer. Section 42 of the school law, (Wag. Stat., 1251,) in force when this bond was given, provides that the county treasurer of each county shall be the treasurer of all moneys for school purposes, belonging to the different townships, until drawn out by the various township clerks on the warrant of the county clerk,     *     *     and on his election, before entering on the duties of

32 - 72

nis office, he shall give a separate bond with sufficient security in double the probable amount of school moneys that shall come into his hands, payable to the State of Missouri, to be approved by the county court, conditioned for the faithful disbursement according to law of all such moneys as shall from time to time come into his hands.

It will be observed that the bond offered in evidence is in strict compliance with the above statute, and the order of court shows that more than one bond of said Cook as county treasurer was approved, and another bond of his also offered in evidence, and properly received, was in all respects like the above except in the penalty, which was $10,000 instead of $15,000, and except in the condition, which, in the last bond offered, was " that he faithfully perform all the duties of his said office during his continuance therein." The condition of the bond sued upon is precisely such as the school law requires, and the condition of the other bond is precisely such as the law requires a county treasurer to give for other moneys and other duties to be performed by him than those specified in section 42, *supra.* § 5, Wag. Stat., 410.

Plaintiff also offered in evidence various settlements made by said Cook of school money received and disbursed by him, which were objected to on the ground that they were not made with the county clerk, but with the county court. This objection was not well taken, because it was shown by the evidence of Marshall and also Martin that they were in fact made with Brawford, the then acting clerk. Marshall swears he was present at the request of Brawford. It is true Martin said he was judge of the county court, and that the settlement was made with the court, but while his evidence does not show that there was any court in session, it does show the presence of Brawford, the clerk, and Marshall, the former clerk, who was present at Brawford's request.

The seventh instruction of defendant to the effect that if defendant paid out on apportionments and warrants

**2. ——: township school moneys.** made out and drawn by the county clerk on said treasurer, in excess of the amounts received by him, he should be credited by the same, was properly refused. The evidence tends to show that defendant Cook paid to some of the township clerks on the warrants of the county clerk more money than came into his hands, belonging to such township, but this did not authorize defendant in this proceeding to recover for such money so paid. In case of a warrant drawn upon the funds of one school township in excess of the funds in the hands of the treasurer for such township, he cannot pay the same and be allowed a credit for the excess out of the funds belonging to any other township. To allow this to be done would be taking the money of one township and applying it without authority to the benefit of another. Judgment affirmed, in which all concur, except HENRY, J., who did not sit.